# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00052-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LEOPOLD ROB FINLEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 19].

On June 2, 2020, the Defendant was charged in a Bill of Indictment with four counts of knowingly and intentionally distributing a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. On June 29, 2020, Defendant's initial appearance was held, at which time the Magistrate Judge appointed counsel. On July 8, 2020, Defendant's arraignment was held, at which time the Magistrate Judge calendared the case to the August 31, 2020 trial term. Upon motion of the Defendant, the Court previously continued the case on two occasions. [Docs. 14, 16]. On December 18, 2020, the Government filed an executed plea agreement and factual basis. [Docs. 17,

18]. On December 21, 2020, the Court continued the case to its current setting during the March 1, 2021 trial term. [Doc. 20].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 19]. As grounds, counsel for the Defendant states that the Defendant is presently detained in the Buncombe County Jail where eleven (11) detention officers, one (1) staff member, and four (4) detainees have tested positive for COVID-19. [Id. at 2]. Counsel also states that the Defendant has not contracted COVID-19 during his detention and that removing the Defendant for an in-person Rule 11 Hearing would require that he spend approximately fourteen (14) days in quarantine or solitary confinement upon his return, as well as potentially require his permanent removal from the dorm where he has been living safely. [Id. at 2-3]. Counsel for the Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 3].

In light of the public health considerations caused by the coronavirus pandemic, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR, the Court finds that the Defendant's Rule 11 hearing "cannot be conducted in person without seriously jeopardizing public health and safety." Coronavirus Aid, Relief, and Economic Security Act (CARES Act) Pub. L.

No. 116-136, 134 Stat. 281 (Mar. 27, 2020). The Court further finds, under the unique circumstances of this case, that the Defendant's Rule 11 hearing "cannot be further delayed without serious harm to the interests of justice." Id. For these reasons, the Court concludes that conducting the Rule 11 hearing in this matter by videoconference is appropriate.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Court therefore concludes that the Defendant's Rule 11 Hearing may take place by way of videoconference.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 19] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by videoconference.

**IT IS SO ORDERED.**

Signed: January 7, 2021

Martin Reidinger
Chief United States District Judge